PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GILBERT FULLER, *et al.*, | ) | CASE NO. 1:10CV0355 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| LANDMARK 4 LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** (Resolving ECF Nos. 48 and 49) |

## I. INTRODUCTION

Before the Court are Defendant Equity Oil & Gas Funds, Inc.'s ("Equity") Rule 12(c) Motion for Judgment on the Pleadings (ECF No. 48) and Plaintiffs Gilbert Fuller, Henrietta Fuller, Timothy Fuller, Rebecca Miller, and Amy Byrk's ("Plaintiffs") Motion to Remand (ECF No. 49). For the reasons discussed below, the Court denies both motions as moot.

## II. DISCUSSION

The initial complaint in this case was filed in Medina County Common Pleas Court of Ohio on or about January 19, 2010. ECF Nos. 1 and 49 at 1. The original Defendants in that pleading were Landmark 4, LLC ("Landmark"), a Delaware Limited Liability Company, with its home office in Green, Ohio; and, Domestic Oil & Gas, LLC ("Domestic"), a Delaware Limited Liability Company, with its home office in San Francisco, California. ECF Nos. 1 and 49 at 1.

Defendants Landmark and Domestic removed the case to this Court on the basis of diversity of citizenship on February 17, 2010. ECF No. 1.

On February 15, 2011, Plaintiffs filed an Amended Complaint adding as an additional

(1:10CV00355)

party Defendant Equity, an Ohio Corporation for profit with its principal place of business in Berea, Ohio. ECF No. 34. And on March 17, 2011, Defendant Equity filed its Answer to the Amended Complaint and Cross-Claim against Defendants Landmark and Domestic. ECF No. 47.

Soon thereafter, Defendant Equity moved the Court for a judgment on the pleadings (ECF No. 48) and filed a motion for sanctions against Plaintiffs on the grounds that Plaintiffs improperly added Defendant Equity as a party (ECF No. 77), given that the motivation was to destroy the complete diversity that otherwise properly existed. Relying upon the destruction of diversity of citizenship and, as a result, the subject matter jurisdiction of the Court, Plaintiffs filed a motion to remand the instant case to State Court. ECF No. 49.

On December 22, 2011, the Court adopted an Agreed Stipulation of Dismissal submitted by Plaintiffs and Defendant Equity, whereby, in addition to Defendant Equity dismissing its motion for sanctions, Plaintiffs dismissed, with prejudice, their claims against Defendant Equity, and Defendant Equity dismissed with prejudice its crossclaim against Defendants Domestic and Landmark. ECF No. 81.

As a result of the stipulation, Defendant Equity is no longer a party to the instant case. Accordingly, the Court finds Equity's motion for judgment on the pleadings (ECF No. 48) and Plaintiffs' motion to remand (ECF No. 49) moot and both motions are therefore denied.

### III.  CONCLUSION

For the reasons discussed above, Defendant Equity's motion for judgment on the pleadings (ECF No. 48) and Plaintiffs' motion to remand (ECF No. 49) are denied as moot.

(1:10CV00355)

Defendant Equity Oil & Gas Funds, Inc. Is terminated as an party.

    IT IS SO ORDERED.

| | |
|---|---|
| <u>December 29, 2011</u> | <u>  */s/ Benita Y. Pearson*  </u> |
| Date | Benita Y. Pearson |
| | United States District Judge |