PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GILBERT FULLER, *et al.,* | ) | |
| | ) | CASE NO. 1:10CV355 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| LANDMARK 4 LLC, *et al.* | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 105] |

This action is before the Court upon Plaintiffs' Motion for Summary Judgment (ECF No. 105). The Court has reviewed Plaintiffs' memorandum in support and Defendants' memorandum in opposition (ECF No. 108). For the reasons set forth below, Plaintiffs' Motion is denied.

**I. Background**

Plaintiffs claim ownership of land upon which several oil and gas wells are installed.[1] Access to these wells is determined by leases "held" directly or indirectly by Defendants. Plaintiffs argue that the leases have expired and have not been extended by production or rental payment, and that Defendants have abandoned any interest in the wells. Defendants disagree and respond that, if the wells have been non-productive,[2] that is due to Plaintiffs' interference with

---

[1] ECF No. 105 at 2.

[2] While Defendants concede a "temporary gap" in production, they maintain that
(continued...)

(1:10CV355)

and disruption of the production of the wells.  Defendants also assert that Plaintiffs do not own the land on which each of the wells is located.  ECF No. 108 at 18 (regarding the G. Fuller #4).

## II.  Standard for Reviewing Motion for Summary Judgment

Summary judgment is appropriately granted when the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also* Johnson v. Karnes, 398 F.3d 868, 873 (6th Cir. 2005).  The moving party is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the movant relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The moving party must "show that the non-moving party has failed to establish an essential element of his case upon which he would bear the ultimate burden of proof at trial."  Guarino v. Brookfield Twp. Trustees., 980 F.2d 399, 403 (6th Cir. 1992).

Once the movant makes a properly supported motion, the burden shifts to the non-moving party to demonstrate the existence of a genuine dispute.  An opposing party may not simply rely on its pleadings; rather, it must "produce evidence that results in a conflict of material fact to be resolved by a jury."  Cox v. Ky. Dep't. of Transp., 53 F.3d 146, 150 (6th Cir. 1995).  The non-moving party must, to defeat the motion, "show that there is doubt as to the material facts

---

[2](...continued)
five of the eight wells "are actively producing volumes of oil and a sixth did in 2011 . . . Both [sides] believe the remaining two wells should be plugged by whichever party prevails in this litigation."  ECF No. 108 at n.1.

2

(1:10CV355)

and that the record, taken as a whole, does not lead to a judgment for the movant." *Guarino*, 980 F.2d at 403. In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party when deciding whether a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).

The United States Supreme Court, in deciding *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), stated that in order for a motion for summary judgment to be granted, there must be no genuine issue of material fact. *Id.* at 248. A fact is "material" only if its resolution will affect the outcome of the lawsuit. In determining whether a factual issue is "genuine," the court must decide whether the evidence is such that reasonable jurors could find that the non-moving party is entitled to a verdict. *Id.* Summary judgment "will not lie . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* To withstand summary judgment, the non-movant must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First Am. Bank*, 916 F.2d 337, 342 (6th Cir. 1990). The existence of a mere scintilla of evidence in support of the non-moving party's position ordinarily will not be sufficient to defeat a motion for summary judgment. *Id.*

### III.  Analysis

Defendant's 36-page opposition offers more than sufficient evidence to create genuine issues of material fact regarding: (1) the status of the leases; (2) productivity of the wells; and (3) whether Plaintiffs have performed their obligations under the leases, among other material facts. Clearly, this case presents a conflict of material facts to be resolved at trial.

(1:10CV355)

## IV. Conclusion

Plaintiffs' Motion for Summary Judgment is denied upon the grounds that there are genuine issues of material fact.

IT IS SO ORDERED.

| | |
|---|---|
| May 29, 2012 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |